IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:21-CR-00563-MTS-NCC |
| | ) |
| LARENZO SMITH, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR PRE-TRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Geoffrey S. Ogden, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, et seq.

As and for its grounds, the Government states as follows:

1. Defendant is charged with:

(a) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (Title 21, United States Code, Section 801, et seq.), specifically conspiracy to distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a).

2. Accordingly, a rebuttable presumption arises pursuant to Title 18, United States

Code, Section 3142(e)(3) that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

3. In the event Defendant somehow provided some evidence to overcome this presumption of detention, the facts and circumstances of this investigation lead to the conclusion that Defendant's pre-trial release would create a substantial risk to the safety of the community, as well as a potential flight risk.

4. Defendant's charges stem from an ATF investigation that began in roughly November 2020, which concerned substantial drug trafficking activity and firearms-related violence taking place in the Castle Pointe neighborhood of St. Louis County, as well as surrounding areas.  The investigative team identified the HUGHES Drug Trafficking Organization (DTO), which included numerous members of the HUGHES family, including but not limited to David HUGHES, Otis HUGHES, Curtis HUGHES,  Howard HUGHES, co-Defendant Tajuan WILSON, and co-Defendant Christile HUGHES-DILLON.  The HUGHES DTO also included many non-member associates living and operating in the Castle Pointe Neighborhood and elsewhere, including the Defendant, constituting an insular community. This investigation included substantial physical surveillance, the use of pole cameras, the use of precision location information warrants, the use of GPS tracker warrants, and the use of confidential informants to conduct controlled purchases of narcotics from various member of the DTO.  Moreover, the investigation lead to the use of judicially authorized wire and electronic monitoring (wiretaps).

5. The investigation has revealed a substantial drug trafficking operation, where the HUGHES DTO was distributing large quantities of "crack" cocaine base, as well as fentanyl,

throughout St. Louis County.  Moreover, the investigation revealed that members of the DTO, including Defendant, regularly carried, distributed, and sold firearms in furtherance of their drug trafficking enterprise.

6. As an initial matter, there is a serious risk that the defendant will flee. Throughout this investigation, Defendant and other members of the DTO have shown a propensity to flee from law enforcement.  This includes taking off at high rates of speed in a motor vehicle when law enforcement would attempt to conduct a traffic stop based on intercepted wire communications involving Defendant that indicated drug trafficking, firearms transfers, and/or imminent violent acts.  Not only does this conduct indicate that Defendant is a flight risk, but it also indicates the danger he represents to the community by accelerating at high rates of speed in attempts to avoid apprehension.

7. The danger Defendant represents to the community, though, is more precisely demonstrated as a result of not only his criminal history (to include convictions and arrests), but as a result of his conduct as observed over the intercepted communications, as well as physical surveillance.  The Defendant and other co-conspirators have been intercepted over the Title III wire openly discussing possession and use of firearms, as well as transferring firearms to other members of the DTO.  This has taken place on numerous occasions.  Moreover, Defendant is closely tied to co-Defendant Christile HUGHES-DILLON, and investigators regularly observe them in the same location, travelling together, and spending the evening at the same residence.

8. Based on the intercepted communications, Defendant has been involved in discussions of committing armed robbery, as well as discussions pertaining to the use of firearms and other means of violence against various individuals. This includes a September 9, 2021 incident in which Defendant called an associate and told him to hurry up and meet him so they

could conduct an armed robbery on an individual selling drugs.  Defendant also discussed the matter with co-defendant Christile HUGHES-DILLON, who was in the process of looking for said individual.  Moreover, that same day, Defendant was involved in an armed robbery of a victim at a convenience store in Ferguson, Missouri.

9. Wire communications from Defendant's cellular device were monitored, and he regularly communicated with individuals for the purpose of arranging drug sales and/or obtaining additional supplies of narcotics for re-distribution.  The interceptions were corroborated by subsequent physical surveillance and pole cameras.  Defendant was heavily involved in this organization, and has no other means of legitimate income to speak of.

10. On October 14, 2021, law enforcement executed approximately 14 search warrants, including 10 search warrants on various residences and businesses utilized by the HUGHES DTO.  This includes Defendant and co-Defendant's address.  Investigators seized, among other items, approximately 1 kilogram of crack cocaine base and 1 kilogram of cocaine from Tajuan WILSON's residence, who is the primary source of supply for the HUGHES DTO and has been repeatedly intercepted over the wire conducting drug deliveries to various members of the DTO.  Investigators seized approximately 7-8 firearms, including at least one firearm from the residence utilized by both Defendant and co-defendant HUGHES-DILLON.

11. Investigators located Defendant at a residence located on Martin Luther King Blvd, which was also searched.  This is the home of Otis HUGHES, a high-ranking member of the HUGHES DTO and the father of Christile HUGHES-DILLON.  Numerous controlled purchases of narcotics, including cocaine base and fentanyl, were conducted at this residence throughout the investigation.  Keith WILLIAMS, who worked directly for Otis HUGHES, would operate out of this house and conduct the controlled purchases with confidential sources.

Additionally, Keith WILLIAMS sold drugs and a firearm to an ATF undercover agent out of this house.

12. On October 14, 2021, Defendant was present at Otis HUGHES' residence during the execution of the search warrant. Christile HUGHES-DILLON and Keith WILLIAMS were also present, and all three were in the living room. Investigators discovered approximately 22 grams of cocaine base in that room, along with a pill bottle with 10-20 pills on Defendant's person. Investigators observed WILLIAMS attempt to discard narcotics in the bathroom, but were able to prevent him from doing so. WILLIAMS had approximately one-half ounce of suspected cocaine/cocaine base.

13. The danger Defendant represents to the community is apparent from the facts revealed throughout this investigation, but is compounded when considering his criminal history. A review of one criminal history database revealed Defendant's criminal history includes numerous felony convictions, including Unlawful Use of a Weapon (carries concealed), Burglary 2nd Degree, and Tampering with a Motor Vehicle 1st Degree. SMITH has numerous arrests for violent and/or firearm offenses, including but not limited to Unlawful Possession of a Firearm, Armed Criminal Action, and Unlawful Use of a Weapon.

14. The investigation has revealed that Defendant represents a danger to the community, and that drug trafficking is his livelihood. His criminal history, use of firearms throughout this investigation, and his drug trafficking patterns make him an unsuitable candidate for supervision.

WHEREFORE, the Government requests this Court to order defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY


*/s/Geoffrey S. Ogden*
GEOFFREY S. OGDEN, #66930MO
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200